I respectfully dissent from the majority's finding that the trial court erred in it's interpretation of the provisions of Hannah's will.
It is apparent from the provisions of the will that the primary purpose of the trust is to provide for Hannah's son, Howard. The trial court has interpreted the instrument as permitting the Trustee to withdraw income and principal for Howard's care, support, and maintenance. I agree with the trial court's interpretation for the following reasons.
Item 3 states specifically that the income from the real estate is to be used "for the maintenance and support of my son, Howard Hurless." It also provides that Howard is to be provided with a comfortable home, with even an institution to be considered as a last resort.
While Otterbein Home is named as an alternate taker, the Otterbein Home is but an incidental beneficiary after Howard and the heirs of his body. The intent expressed is to take care of Howard and there is no expressed intent to conserve the corpus for Otterbein Home as the majority suggests.
While the Appellant challenges the trial court's finding that there was an emergency, I do not find that this is relevant. Item 2 provides that after the payment of the taxes, insurance and other expenses involving the real estate are paid, the remainder is to be used for the maintenance and support of Howard.
The "emergency" provision is expressly provided as a limitation on the authority to encumber the real estate in the trust. Since the assets have been liquidated, the emergency provision no longer applies. There is no limitation on the expenditure of funds for the care, support, and maintenance of Howard.
An institution is specifically provided for in the instrument and there is nothing in the will that states that Howard should not pay his way. Therefore, I find that the decision of the trial court should be affirmed.